## THE STATE v. JAMES McDOWELL, Appellant.

### Division Two, November 24, 1908.

1. **LARCENY: Evidence: Drunkenness.**  Where defendant, a deputy marshal, charged with grand larceny, claimed he arrested the prosecuting witness for drunkenness and disorderly conduct, testimony by the State that he was not drunk or disorderly prior to his arrest, is competent.

2. —————: —————: **Display of Money.**  Where defendant, a deputy marshal, is charged with grand larceny of money from the prosecuting witness whom he arrested, testimony that said witness made a display of money in a saloon, just prior to his arrest, and the amount of such money, and how he carried it, is competent.

3. —————: **Deputy Marshal: Significant Facts.**  Hodges, a very old man, several times in the late afternoon and early evening bought whiskey for others in a saloon, and displayed five twenty-dollar bills, none of which the barkeeper could change, and which he thereupon uniformly placed in a pocketbook carried in an inside pocket.  He also had two or three dollars in change, and with this paid for the drinks.  Early in the

evening just after he had stepped out of the saloon he was arrested by defendant, a deputy marshal, for drunkenness and disorderly conduct, as defendant says, and taken to the calaboose, and there defendant brandished his club, and, using much profane language, demanded his pocketbook, which was given to him, and defendant turned from the cell in which he had placed Hodges, to a light in the hall near by, with his back to Hodges and the other witness present, and opened the pocketbook and examined its contents for a short time. Then he called the other witness and told him to witness that the pocketbook contained only one twenty-dollar bill. Hodges insisted that it contained five such bills, and demanded the return of the money, and defendant returned the pocketbook, containing one such bill, to him. He is indicted for the larceny of $80. *Held*, that his testimony that he did not take Hodges before the mayor or any court, and released him at one o'clock of the same night, is significant, as is also his further testimony that when he asked for Hodge's pocketbook he said to him, "There is no telling who I will throw in with you to-night," yet nevertheless returned to him the pocketbook containing $20; and, the evidence is sufficient to support a verdict of guilty.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

Affirmed.

*Herbert S. Hadley,* Attorney-General, and *F. G. Ferris,* Assistant Attorney-General, for the State.

(1)  The information is substantially in the language of the statute defining the offense; it fully informs defendant of the nature and cause of the accusation against him, and is sufficient. It is true that the information does not allege the value of the money, but when money itself is the subject of larceny its value need not be alleged or proved.   State v. Brown, 113 N. C. 645; Turner v. State, 124 Ala. 59; State v. Helvin, 65 Iowa 289; McCarty v. State, 127 Ind. 223; 4 Elliott on Evidence, sec. 3135; R. S. 1899, sec. 2531. (2)  (a)  In three instances defendant objected to the action of the trial court in admitting evidence, but did not give the court any reason for the objec-

tion.    An objection to evidence which does not spec-
ify any ground of objection is insufficient, if the evi-
dence is admissible for any purpose.    State v. Balch,
136 Mo. 103; State v. Finley, 193 Mo. 211.    (b)    Evi-
dence as to Hodges being present in Gilmore's saloon
and having money there shortly before defendant ar-
rested him was properly admitted for the purpose of
showing that Hodges had the money which he claimed
defendant took from him, and it was properly connect-
ed with other relevant circumstances tending to prove
the crime and to identify defendant as the criminal.
4 Elliott on Evidence, sec. 3139.

FOX, P. J.—This case is brought to this court by
appeal on the part of the defendant from a judgment
of conviction in the Phelps circuit court of the offense
of grand larceny.

On the 29th of February, 1908, the prosecuting at-
torney of Phelps county filed his information duly
verified, with the clerk of the circuit court of said
county, charging the defendant and one Sig Riley with
the crime of grand larceny, alleging that on the — day
of December, 1907, at said county, defendant and Sig
Riley did steal, take and carry away eighty dollars
in money, of the personal property of T. D. Hodges.
At the March term of said circuit court, and on the
18th day of March, 1908, defendants asked for and
were granted a severance.    The prosecuting attorney
dismissed the case as to Sig Riley.    The defendant,
James McDowell, the appellant in this cause, was duly
arraigned, and entered a plea of not guilty, where-
upon he was put upon his trial.    The evidence devel-
oped at the trial upon the part of the State tended to
prove substantially the following state of facts:

On the 16th day of December, 1907, T. D. Hodges,
a farmer, living about five miles from Rolla in Phelps
county, Missouri, appeared in Rolla about eleven

o'clock in the forenoon.    Mr. Hodges was nearly 79 years old at that time.    He visited several places of business in Rolla, transacting business, and drew some money from the bank.    About 3:30 p. m. he went to what is called "Whiskey Row."    At that place in Gilmore's saloon, he treated his friends several times during the remainder of the afternoon and evening. On one or two occasions he furnished drinks to some of his friends without drinking himself.    He was in a condition, as testified to by one of the witnesses, "drinking and feeling good, but attending to his own business."    Mr. Hodges, the prosecuting witness, testified that he was capable of attending to his affairs at all times that day.    He admitted on the witness stand that he had been drunk on several occasions during his life, but denied that he was in the habit of getting drunk when he came to Rolla, and stated that he was not drunk or unduly under the influence of liquor on said 16th day of December, the date of the alleged larceny.    The testimony further tends to show that on the day it is alleged this larceny was committed, when the prosecuting witness, Mr. Hodges, arrived at Gilmore's saloon, he had on his person, according to his testimony, about one hundred and three dollars in money, consisting of five twenty-dollar bills, one or two one-dollar bills and some change.    The large bills he carried in a pocketbook and the small bills and change in a purse.    Between eight and nine o'clock that evening the prosecuting witness treated some friends at Gilmore's saloon two or three times, and each time, as testified to by several witnesses, exhibited his money, throwing out a twenty-dollar bill to pay for the drinks, and when the bartender could not make the change he offered small money in payment from his purse.    Hodges, the prosecuting witness, testified that he spent about two dollars altogether

214 Sup.—22

in the saloon.    The last time he paid for the drinks and exhibited his money he put the money back in his inside pocket, and immediately walked out of the door of the saloon upon the street.    With the exception of the testimony as given by the defendant there was no evidence in the case tending to show that the prosecuting witness was drunk and disorderly.    While he was drinking some, none of the witnesses who testified claimed that he was drunk with the exception, as heretofore mentioned, of the defendant, who claimed that he was drunk and disorderly.    The defendant, James McDowell, at the time it is alleged this offense was committed, was deputy marshal and night-watchman at Rolla.    The defendant had been in Gilmore's saloon earlier in the evening.    As Hodges walked away from the saloon the defendant arrested him, and with Sig Riley took Hodges to the city calaboose and locked him up.    As soon as Hodges had been lodged in the calaboose the defendant demanded of him his money, and Hodges handed over to defendant his purse containing his small change.    The defendant thereupon brandished his policeman's club and demanded Hodge's pocketbook and the roll of bills.    Hodges handed to defendant the pocketbook, which, as Hodges testified, contained at the time five twenty-dollar bills. The defendant took the pocketbook, turned from the cell wherein Hodges was confined, to the light in the hall nearby, with his back to Hodges and the other witness present.    Under the light he opened the pocketbook and appeared to be examining its contents for a short time.    Turning back to Hodges, defendant called Sig Riley as a witness that the pocketbook contained one twenty-dollar bill and twenty-two cents in change. The defendant then restored to Hodges the pocketbook, the twenty-dollar bill and twenty cents in change. Hodges testified that he insisted at the time that there was over one hundred dollars in the pocketbook at the

time he handed it to defendant, and that he insisted that defendant should restore the balance of his money. Hodges testified that an old coin he had gotten in Kentucky had been in the pocketbook when given to defendant, and was missing when the pocketbook was returned to him.     To Hodges's demand for his money defendant returned nothing but profane language. The testimony of Hodges was in many important particulars corroborated by Sig Riley and Will Martin, the latter being confined in a cell at the calaboose at the time for alleged drunkenness.     Hodges was not released from the calaboose until after one o'clock in the morning.     He was not taken before the mayor or any other court to answer for any charge for which he was arrested that night.

The defendant testified in his own behalf and stated that he arrested Hodges for drunkenness and disorderly conduct; that he called for Hodges's money at the calaboose in accordance with the instructions and rules of the mayor.     He stated that he kept no record of it; that he took Mr. Hodges's money, counted it and returned it to Hodges, retaining none himself, and that twenty dollars and some change was all that he received from Hodges, and that he restored it to him.     He stated that he had often arrested Hodges for drunkenness, but did not fix any time when he had done so, or name a person who was a witness to any such arrest. He denied that he had threatened Hodges with his club at the calaboose, but admitted that he had his club with him, and he also denied that he used improper or profane language to the prosecuting witness.     He stated, however, that Hodges was not brought before the mayor or any other court to answer for any charge for which he was arrested that night.     Defendant also stated that when he put Mr. Hodges in the calaboose and called for his money Hodges pulled out a barlow knife and then a pocket-

book with jaws to it which he handed to him and that he counted the money in it. There was a dime and two nickels and two coppers in that bocketbook. He stated that he handed that pocketbook back to him and said, "Old man, have you got any more money? There is no telling who I will throw in with you to-night." The defendant then on the witness stand stated that Mr. Hodges reached his hand back and pulled out another pocketbook and handed it to him, and that he turned around to the light and opened it and found therein a twenty-dollar bill, and handed it back to Mr. Hodges. He further stated that that was all the money the prosecuting witness had that he saw, and that he did not keep any of his money.

This is a sufficient statement to indicate the nature and character of the testimony upon which this cause was submitted to the jury. At the close of the evidence the court instructed the jury and submitted the cause to them, and they returned a verdict finding the defendant guilty of grand larceny, as charged in the information, and assessed his punishment at imprisonment in the State penitentiary for a term of three years.

A timely motion for a new trial was filed and by the court overruled. Sentence and judgment were duly entered in conformity to the verdict, and from this judgment the defendant prosecuted this appeal, and the record is now before us for consideration.

## OPINION.

The appellant is not represented in this court, hence there is neither brief nor suggestion on file indicating the nature and character of the errors complained of in the motion for new trial. Under the provisions of the statute we have carefully analyzed the disclosures of the record with the view of ascertaining whether or not there was any substantial er-

ror committed by the trial court in the disposition of this case.

## I.

We have examined the instructions given by the court at the close of the evidence, and we see no necessity for burdening this opinion with a reproduction of them, and it will suffice to say that after a most careful examination of such instructions we find that they are in perfect harmony, both in substance and form, with precedents which have often met the approval of this court.   The information was that of grand larceny, and the law applicable to offenses of that character is well settled, and the instructions of the court covered every phase of the case to which the facts developed at the trial were applicable, and required the jury to affirmatively find every essential element of the offense necessary to constitute the offense.   The instructions were fair and fully presented the case, and the judgment of the trial court cannot be disturbed upon that ground.

## II.

The record discloses three or four, perhaps five instances where objections to the action of the trial court in admitting evidence were made.   An examination of the record discloses that in the most of the objections no reason whatever was given why the testimony was incompetent or immaterial.   But aside from this we have examined the testimony to which objections were interposed, and in our opinion the testimony was competent.   This evidence consisted of inquiries as to the conduct of Mr. Hodges in the saloon; as to whether or not he was drunk or sober. This evidence was perfectly competent because the defendant was claiming that he arrested him for drunkenness and disorderly conduct.   Further testimony was as

to the money that Mr. Hodges displayed, the size of the roll of money he had in his hand, the number of bills, and the amount of the bills. It certainly will not be seriously contended that this testimony was not competent, for the reason that the charge in the information is for stealing money belonging to Mr. Hodges, and he testified that he had a certain amount of money, and it was quite essential if they could corroborate him by other witnesses, if he had money, to show that fact. Evidence as to Hodges being present in Gilmore's saloon, and having money there shortly before defendant arrested him, was clearly admissible for the purpose of showing that Hodges had money, which he claimed defendant took from him. There was no error in the admission of this testimony.

### III.

The evidence in this case is sufficient to support the verdict of the jury. Mr. Hodges, the prosecuting witness, testifies as to the amount of money he had in his pocketbook; he had given it to the defendant at his earnest request, and the defendant did not, according to Hodges's testimony, return all of it to him, but kept about eighty dollars, and converted it to his own use. But aside from this, it is significant, if Mr. Hodges was arrested for disorderly conduct and drunkenness, that no charge was preferred against him. He was not taken before the mayor or any other city court to answer to such charge, and the defendant admits that he did not take him before the mayor or any other court for the purpose of having the prosecuting witness answer the charge for which the defendant claims he arrested him. Another significant fact, as testified to by the defendant, was that the defendant when he requested Hodges to give him his other pocketbook, as an inducement to Hodges to give it to him, stated that "there is no telling who I will throw in with you

to-night," yet it appears from the defendant's testimony that he simply took the pocketbook, examined the contents of it and returned Hodges the pocketbook with only twenty dollars and some change in it, when Hodges testifies that there was at least one hundred dollars in it.    Certainly the twenty dollars and some cents needed as much protection from any characters that he might put in the calaboose with the prosecuting witness as much as a larger amount.    This at least is a very suspicious circumstance that the defendant was not acting in good faith, for if he was trying to preserve the prosecuting witness's money he would have kept the pocketbook with the twenty dollars that he claims was in it, and returned it to him after he was released.    In addition to this two other witnesses testified that when the defendant went to examine the contents of the pocketbook handed him by Hodges he turned his back to the witnesses who were present and the prosecuting witness in such a manner that they were unable to see as to what he did with all the contents of such pocketbook.

The testimony of the prosecuting witness and the defendant is directly in conflict, and it was the province of the jury to pass upon the credibility of the witnesses and the weight to be attached to their testimony.    The defendant was tried in the city in which he was then acting as deputy marshal by a jury of the county in which such city is located.    They returned a verdict of guilty and the judge presiding at the trial approved the verdict, hence we are unwilling, there being substantial evidence to support the verdict, to in any way disturb it.

The judgment of the trial court should be affirmed, and it is so ordered.

All concur.